Everybody's got to be somewhere. Miss Danik, you may proceed. Thank you, your honors. Good morning, counsel, and may it please the court. My name is Amaris Danik with the Office of the State Appellate Defender on behalf of the defendant and appellant, Israel Soliste Gonzalez. This case brings before this court another 604 D issue. Illinois Supreme Court Rule 604 D requires a defendant's attorney, prior to raising an appeal after a guilty plea, to file this certificate relating steps that they have taken. Is 604 D to be strictly complied with? Yes, your honor. Yet, in this case, Mr. Gonzalez's counsel filed her 604 D certificate at the same time that she filed her appearance. This was far before she could possibly have complied with the requirements attested to in that certificate that she filed. She could not have made all amended changes necessary to the motion to withdraw the plea because no such motion had even been filed. She could not have reviewed the transcripts because she later told the court that she did not have those transcripts in her possession. And because she did not review the transcripts, she could not possibly have had a meaningful consultation with her client. Therefore, although her 604 D certificate, on its face, substantially complied with the requirements of 604 D, the record rebuts that certificate. This certificate is not a meaningless checkpoint, as the Illinois Supreme Court has made clear. It's made both to protect the defendant's rights and prevent needless trips to the appellate court, particularly in the form of post-conviction claims. Furthermore, there are serious concerns about whether Mr. Gonzalez's rights were particularly violated by this because no motion to reconsider sentence was ever filed. At no point on the record did counsel ever certify or ever state that she received the transcripts of the motion, of the sentencing. And this is one of the clear requirements of 604 D. Every obligation of 604 D has to be complied with, including reviewing the transcripts of the sentencing proceedings. Although she did eventually include transcripts of the plea proceedings as amended to or appended to her amended motion to withdraw the guilty plea, there was no such mention at any point that she had received the transcripts of sentencing. Indeed, Mr. Suase Gonzalez testified during the hearing on the motion to withdraw the guilty plea that he was shocked by his sentence, as was his counsel. And as discussed in Mr. Suase Gonzalez's brief, the second argument was that the court abused its discretion by sentencing him to 24 years in prison when he had no criminal record whatsoever. He showed extreme remorse for what had happened, which is particularly unusual in cases like this. He had done so much good in the community, and many, many people came to testify on his behalf. He raised successful children who were in college, and substantial evidence was put on with regard to his character at sentencing hearing. But at sentencing also, I mean, the court did consider and can consider that he really got the benefit of the bargain, if you will, from this plea. Did he not? Your Honor, the state did agree to dismiss the other charges against him. However, a lot of those charges had to do with an element of force, and we have no idea whether the state would have been able to prove any of those other charges. Well, those other charges were mandatory consecutive as well, weren't they? Yes, Your Honor. But with regard to the sentencing, again, the judge placed an inappropriate weight on the fact of MM's disability. And that was an improper factor because that was the basis. Again, the basis for the charges to which he pled guilty were not force, they were consent. And her disability formed the entire basis of her lack of ability to consent to what had happened. And so the fact that the judge placed considerable weight on this, when looking at the, you know, really substantial amount of evidence that came in as mitigating evidence on Mr. Celeste Gonzalez's behalf, indicates that the judge abused their discretion in terms of how much they considered that inappropriate factor, which made up the vast majority of the evidence the state put on in terms of aggravation. And Mr. Celeste Gonzalez is asking this court to give a serious, meaningful review of his sentence. Although the trial court judge's decision is given discretion, this court cannot just assume it's appropriate and rubber stamp that decision, particularly given the unique circumstances that are present in this case. If the court has no further questions, Your Honor, we're asking that this court reduce Mr. Celeste Gonzalez's sentence, or in the alternative, remand his case for a new sentencing hearing, or in the alternative, remand his case based on the noncompliance with 604D, so that he has a chance to properly consult with his attorney and file the appropriate motions, whether that be another motion to withdraw the plea or a motion to reconsider his sentence. Your prayer for relief, I don't see it specifically stating for the filing of an appropriate or proper 604D. Is that correct? Your Honor, I did not mention 604D, but we are asking to remand his case for further post-plea proceedings, including the opportunity to file the new post-plea motions to withdraw the plea, and or reconsider his sentence and a new hearing on those motions, which would be the remedy for a violation of the attorney's requirement under 604D. Are not many of your arguments based upon the allegedly defective 604D? Yes, Your Honor. Our first argument is based on that, and it also forms in part the basis for ineffective assistance of counsel, which is why we're asking this court to reconsider the sentence when it was not raised below by his attorney. Was the Certificate 8 conditional to the extent that the attorney was supposed to have read transcripts and done research with the record and so on, but she indicated that that wasn't the case? Yes, Your Honor. So it's conditional in the sense that it's, there's a condition here that hasn't been realized yet? Absolutely, Your Honor, and the Supreme Court made it clear in People v. Easton that the purpose of the certificate is to explain conduct that has already happened. She's certifying that she did this already. It's not a certification that, oh, she hopes to do this in the future, or she's planning to do this, or, you know, she's going to get around to it. But that certification that she filed with the court had to have said something that she already did, and the record rebutts that when she later disclosed that she had not read the transcripts at the time that she filed the certificate, and she had, in fact, not filed any motion at the time that she filed the certificate. I have no further questions. Thank you, Your Honor. You'll have an opportunity to make rebuttals. Thank you. Ms. Harrington, you may proceed. Good morning, Your Honors. Good morning, Counsel. May it please the Court, my name is Lynn Harrington, and I represent the people of the State of Illinois. Your Honors, I'd first like to address the initial issue in defendant's brief, that he is entitled to a remand because of lack of 604D compliance, and inform the Court that this is absolutely not the case. As this Court knows, once a 604D certificate is filed that complies with all the Supreme Court requirements, then the record itself has to rebut the facial properness of the certificate. Is 604D intended to be read strictly, and to be strictly construed? Yes. How is it that this was strictly construed was when the attorney admitted that she hadn't looked at the record yet? Well, we have cases on that point, Your Honor, and that is something I wanted to bring up also. As Counsel mentioned, as you all know, there's a lot of 604D cases out there. They're reigning 604D. Yes, they are. But there are only a few that deal with transcripts. And we know this is a problem because you have to order the transcripts filed. There's a lag in time. So we've got People v. Montag, Court District 2014, and the recent Rule 23 case that I cited in my brief, People v. Walker. Those are transcript cases. So they're saying, even if you file a 604D that's facially valid, which Counsel has conceded in her brief, it's a facially valid certificate, then you've got to show that this technical inaccuracy, that's what they're talking about, the early filing. They're calling it a technical inaccuracy. They have to show that it undermined the purpose of the rule or deprived the defendant of a fair opportunity to present his claims of error. And they just haven't done that here, Your Honors. They argue, first, that the trial court failed to admonish the defendant about the MSR as being three years to natural life. This is under defendant's argument that, oh, because of the fact that the defendant did not file a motion to reconsider the sentence, there we go, that's evidence of the 604D lack of compliance, which is not the case. But that wasn't the case in the Rule 23 that you cited. In that case, the attorney said he didn't have transcripts. The court said it. Right. We get the transcripts, then he got the transcripts and he can argue it. Right, Your Honor. And that's really, that's exactly what happened here. By the time of the hearing on the motion to withdraw the guilty plea, Ms. Amen, who was post plea counsel, had gotten a hold of the transcripts, and, in fact, she attached them as evidence to her amended motion for, I'm sorry, amended motion to withdraw the guilty plea. Therefore, she's proving to the court that she complied. We know she complied with everything else. Her amended motion to withdraw the guilty plea argued before or after she got the transcripts? Before, Your Honor. Before, Your Honor, and that was her actual plea. Her amended motion to withdraw the guilty plea contained the transcripts as evidence, the transcripts of the guilty plea proceeding. Back to the issue of whether Ms. Amen's decision not to file a motion to reconsider is in any case evidence of lack of 604D compliance. Defendant first argued the trial court failed to admonish the MSR was three years to natural life, and as support of that proposition, she cites to an Illinois Supreme Court case of Whitfield. Unfortunately, Whitfield is a 2005 case. It did not deal with natural life, and, unlike here, it wasn't even an open plea. It was a fully negotiated plea and a first degree murder to 25 years. And then after the plea, defendant found out that he had an MSR term tacked onto it. But since Whitfield, I think seven years later in 2012, People v. Reinhart was talking about MSR terms, and they specifically said the trial court does not impose a specific term. It's an indeterminate term that is reviewed and decided by the prisoner review board. So that issue wouldn't even be something that The second argument that they bring up is that the trial court made a mistake in saying that these offenses were probational when they were not. However, if you look at the amended motion to withdraw the guilty plea, post plea counsel did bring that issue up. And then her next argument, excuse me, defendant's next argument is that there was a double enhancement, and that kind of leads over into the second issue. So I can discuss both. First, your honors, case law makes clear, in fact, this court made clear in 2012, that it's the defendant's burden to show that the trial court used improper considerations here. And as I noted in my brief on page 13, if you look at all the trial court's comments, he absolutely was not using a double enhancement factor that she could not consent. He was talking about the fact that this guy, this defendant, he was in a position of trust and authority. He was the victim's parapro, and he had access to her. And the trial court also correctly set out from the PSI that he had threatened this girl that if she told, she would get in a lot of trouble. So looking at the record as a whole, there's no way that post plea counsel could have, in good faith, made a motion to reconsider this sentence. The second issue I want to appeal, your honors, is ineffective assistance of counsel for not filing this motion to reconsider the sentences. But this also fails because first, the sentences were extremely appropriate, and there was no reasonable probability that a motion to reconsider would affect the outcome of this case. As you know, ineffective assistance of counsel under Strickland is two prongs. The second prong is the one that's most important here. Whether there's a reasonable probability of that, but for counsel's errors, the result of the proceeding would have been different. Here, as we already discussed, the inherent factor does not exist. With regard to the 24 years imprisonment the defendant got, as this court has mentioned in defendant's arguments, excuse me, I lost my train of thought, the state dropped 15 charges against defendant and let him plead guilty to two of these charges. You can take that into consideration, as Justice Shostak has said. There's absolutely no abuse of discretion in the 4 to 15, giving him 12 for what he put this girl through. Over two school calendars, two years, she went to school and was assaulted by this defendant. Again, it is presumed that the court considered mitigating evidence, unless there's evidence of the opposite. Absolutely not the case. On the record, the trial court specifically set out, yes, it looks like your family likes you, you're an upstanding member of society. However, you took advantage of this girl when you were her parapro. So that argument is without merit. Again, Your Honors, I would say that with regard to the myriad of 604B cases, this case falls squarely on the no transcripts case. We know for a matter of fact that compliance was made before the hearing on the motion to withdraw the guilty plea, when counsel attached the transcripts of the guilty plea to the amended motion. Are there any other questions? Okay. Thank you very much for your time. And the people respectfully request that this Honorable Court affirm the judgment of the trial court. Thank you. Thank you. Ms. Danek, you may proceed. Thank you, Your Honors. I will briefly address the cases that the state cited as potentially relevant to this argument. Apologize. Give me one moment. With regard to People v. Montauk, I think that it's important to note that that case was decided prior to People v. Easton. Again, in People v. Easton, the Illinois Supreme Court made it incredibly clear, again, that the objective of the certificate is to describe past conduct, the factual circumstances of an interaction that's already taken place. Again, Montauk dismissed that, and my position is that People v. Easton really superseded Montauk, because in People v. Montauk, also the court found the defendant did not state what purpose the remand was served. That's another distinction. Although it's our position that the mere noncompliance, the strict compliance required by 604D, does not place any additional burden to show some kind of prejudice to the defendant, in this case, there are serious concerns about what counsel may or may not have reviewed. Again, we are not raising substantively the MSR issue, because we cannot. We do not know if that was ineffective of counsel, because we don't know if she consulted with her client to find out if that was part of an involuntary or unknowing nature of his plea. With regard to the probational issue, there was absolutely nothing raised in the hearing on the motion to withdraw the plea. And again, with sentencing, counsel brings up the fact, again, that the plea proceedings, the plea transcripts were provided eventually in the amended motion, nothing about the sentencing transcripts. Both of those had to be complied with under 604D, which is, again, particularly concerning in this case, given that there was no motion to reconsider sentence filed, even though the tenor of the post-plea hearing centered a great deal about my client's sentence. As to People v. Walker, the unpublished case from 2021, number one, that is also distinguishable from this case. Number two, it is out of step with the weight of authority on 604D certificates. In particular with that, it completely ignores the requirement that counsel consult with his client and certify that he has consulted with his client. And three, again, that was decided prior to the Illinois Supreme Court that clerical the reason for the certificate in People v. Gorse. In People v. Gorse, again, overruling a decision in Peltz, it quoted, Your Honor, Justice McLaren in saying, in your dissent in Peltz, saying that during a consultation, counsel should relate to defendant her opinion and advice regarding the result of her examination. So, again, the fact that she certified that she had read the transcripts prior to ever having the transcripts, essentially means that she could not possibly have consulted with her client, which is, again, it's not only the transcripts that are at issue here, it's the lack of consultation with the client, and it's also the fact that she filed, that she stated she had made all the amendments necessary to present his claims before any motion had been filed, much less ultimately the amended motion. In addition, this case is much more similar to People v. Callahan because in People v. Callahan, again, they pointed to the potential that exists that the certificate's technical inaccuracy undermined the purpose of the rule. In this case, the technical inaccuracy, when she treated it as a mere formality, filing it at the same time as her appearance, that fundamentally deprived Mr. Suarez de Gonzalez a fair opportunity to present his claims of error, and for that reason, we are asking this Court to grant the remedies sought in this case. Thank you, Your Honors. Thank you. We will take the case under advisement and render a decision in half time. Court is adjourned for the day. Thank you.